

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. D. Smith
County Attorney
Parmer County
Farwell, Texas

Dear Sir:

Opinion No. O-4933
Re: Construing Article 7, Section
6 of the State Constitution
with reference to "delay
rentals" received by county
from oil and gas lease on
county school land.

We acknowledge receipt of your letter of October 14, 1942, reading as follows:

"I would appreciate very much for you to give me your opinion as to the correctness of procedure of the Commissioners Court of Parmer County in the following three instances:

"Parmer County still owns three of the four leagues of school lands granted to Parmer County for its Permanent School Fund.

"FIRST: The Commissioners Court has leased the entire three leagues to a ranch company for grazing purposes. The annual rental from this grass lease is being transferred to the County Available Fund and is being distributed to the various school districts in the County on a scholastic basis.

"SECOND: The Commissioners Court has leased one and one-half leagues to a petroleum company under a standard Gas, oil and minerals lease agreement. Under this lease, the lessee agrees

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to pay the County an annual delay rental of fifty cents per acre. The lessee has not, as yet, drilled for oil or gas and has not removed from the land any oil, gas or any other minerals and may never do so. Under Article 2825 Civil Statutes of Texas, the Commissioners Court proposes to appropriate the annual fifty cents per acre to the County Available Fund as in 'First' above.

"'Article 2825. Besides other school funds provided by law, the proceeds of any leasing or renting of lands, heretofore granted by the State of Texas to the several counties thereof for educational purposes, shall be appropriated by the commissioners courts of said counties in the same manner as is provided by law for the appropriation of the interest on bonds purchased with the proceeds of the sale of such lands; and the proceeds arising from the sale of timber on said lands, or any part thereof, shall be invested in like manner as the Constitution and law requires of the proceeds of the sales of such lands; and it shall/be unlawful - - - etc.'

"Inasmuch as no gas, oil or any other minerals have been removed from the lands, the County still has all it had before the lease agreement took effect, and therefore is not similar to the 'sale of trees' in the law.

"THIRD: The lease agreement under 'Second' above also provides the standard 1/8 royalty on all gas, oil and minerals removed from these lands. If and when the lessee produces gas, oil and others minerals and pays the County its royalty, the Commissioners Court proposes to appropriate such royalties to the County Permanent Fund."

Honorable A. D. Smith, page 3

First, we approve the procedure outlined in your first question. Article 2825, R. S. 1925, expressly authorizes the county to appropriate the proceeds of a grazing lease "in the same manner as is provided by law for the appropriation of the interest on bonds purchased with the proceeds of the sale of such lands" and Article 7, Section 6 of the Texas Constitution provides that "Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments; and interest thereon, and other revenue, except the principal shall be available fund."

Second, we presume that the county followed Article 5400a, Vernon's Annotated Civil Statutes, in making the mineral leases. We are of the opinion that the "delay rental" under the mineral lease should go into the permanent school fund and not the available fund. This is necessary because of the nature of a mineral lease. "By the great weight and majority of the decisions of Texas courts, the ordinary form of oil and gas lease is not a "lease" at all; on the contrary, it is a conveyance of an interest in land and, as such, operates to sever the mineral estate from the surface." 31 Texas Jurisprudence 574-576, Section 39. The instant an oil and gas lease is executed and delivered the lessee becomes the owner of the minerals in place and subject to be taxed therefor . Stephens County v. Mid-Kansas Oil and Gas Company, 113 Texas 160, 254, S. W. 290. The "bonus" or "rentals" which the lessee pays are as much a part of the proceeds of the sale as the "royalty" and under Article 7, Section 6 of the Texas Constitution, the entire consideration for the sale constitutes a trust for the benefit of public schools and must be placed in the county permanent school fund. Theisen vs. Robison 117 Texas 489, & S. W. (2d) 646.

Honorable A. D. Smith, page 4

We, of course, hold that the royalties should also be deposited in the county's permanent school fund.

Trusting that this answers your several inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*

Fagan Dickson
Assistant

ld

APPROVED NOV 7, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN